IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| JAMES H. KING | * | |
| | * | |
| Debtor | * | |
| ************************************ | | |
| IRVING AND GARNET EVANS | * | |
| | * | |
| Appellants | * | |
| | * | Civil No. JFM-00-496 |
| v. | * | |
| | * | |
| JAMES H. KING | * | |
| | * | |
| Appellees | * | |

MEMORANDUM

Plaintiff has filed a <u>pro se</u> "Emergency Motion To Vacant Order Of Lift Of Stay And Discontinue Foreclosure Sale on February 23, 2000 at 9:30 a.m."[1]

I.

Unfortunately, the court must rule upon the motion without holding any hearing. According to the stamps affixed to the motion, the motion was dropped off in the court's night drop box on Friday, February 18, 2000. Monday, February 21st, was a federal holiday. Plaintiff placed the Bankruptcy Court caption on the motion. Therefore, when the motion was first processed on Tuesday, February 22, 2000, it was sent to the U.S. Bankruptcy Court.

---

[1] In the first paragraph of the motion, plaintiff indicates that the foreclosure sale is scheduled for 9:00 a.m. rather than 9:30 a.m.



The motion was eventually rerouted to the U.S. District Court. However, it did not arrive on the desk of Judge Catherine C. Blake, the chambers judge, until 5:15 p.m. Judge Blake was in a motions hearing which did not conclude until approximately 6:30 p.m. Knowing that her schedule would not permit her to attend to the matter on Wednesday morning, Judge Blake asked the undersigned to handle the matter for her.

Plaintiff did not provide any telephone number on the signature line of his motion. At approximately 8:15 a.m., on February 23, 2000, the undersigned attempted to contact Judith H. Mullen, counsel for appellee. Her office advised that Ms. Mullen was in court.

II.

It is against this background that the court must rule upon the motion without hearing. It appears from the motion and the Emergency Appeal Motion For Lift Of Automatic Stay And Foreclosure attached thereto that the gravamen of plaintiff's claim is that his former attorney, Judith H. Mullen and Associates, in now representing appellees against plaintiff, Omah King and Stanley James Development Corporation. Plaintiff asserts that this constitutes a conflict of interest. Plaintiff also asserts that the Bankruptcy Court has set a hearing on his emergency appeal to lift stay on March 16, 2000.

The bare allegations of the complaint are insufficient to justify the issuance of an injunction. Presumably, plaintiff will suffer harm if the foreclosure sale does not go forward.[2] On the other hand, the persons seeking the sale would suffer harm if it were not to go forward.

---

[2] The extent of that harm is unclear. It may be that if plaintiff's claim is meritorious, it can be pursued by challenging the ratification of the sale pursuant to Maryland foreclosure procedure.

Moreover, there is a public interest in judicial proceedings being conducted in an orderly and expeditious manner, and plaintiff's untimely filing of this motion would interfere with that process. Finally, the mere allegation that plaintiff's former lawyer suffers under a conflict of interest does not warrant an inference that plaintiff will prevail on the merits.

A separate order denying plaintiff's motion is being entered herewith.


Date: February 23, 2000

J. Frederick Motz
United States District Judge